**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

SecurityNational Mortgage Company,

Plaintiff,

v.

CMG Mortgage Incorporated,

Defendant.

No. CV-26-02556-PHX-SMB

**ORDER**

Before the Court is the Defendant's Motion to Stay Proceedings Pending Adjudication of Parallel Utah State Action (Doc. 26). This motion has been fully briefed. For the reasons noted below, the Court denies this motion.

## I. BACKGROUND

Plaintiff, a Utah corporation, filed a complaint in state court in Utah in January 2025 against some of its former employee loan officers based in Arizona and the Defendant, a California corporation. (Doc. 26, Exhibit 2.) The Utah Court granted Defendant's motion to dismiss based on lack of personal jurisdiction. (Doc. 26, Exhibit 3.) Plaintiff's Utah complaint was later amended and alleged breach of contract, Utah trade secrets act violations, and breach of the implied covenant of good faith and fair dealing for actions taken in Arizona. (Doc. 26, Exhibit 1.) This is the Utah state action for which Defendant now seeks a stay.

In March 2026 Defendant filed a complaint in state court in Arizona against Defendant. (Doc. 1, Exhibit 1.) This complaint alleged that Defendant's employees

knowingly solicited Plaintiff's employee loan officers to migrate to Defendant, a competitor, thereby interfering with Plaintiff's contracts and business expectancy with its employee loan officers, assisted with the misappropriation of trade secrets under both the Arizona Uniform Trade Secrets Act and the federal Defend Trade Secrets Act, misappropriation of confidential information, unjust enrichment, and aiding and abetting. *Id*. The Arizona state case was removed by Defendant to federal court on April 13, 2026. (Doc. 1, Exhibit 4.)

## II. LEGAL STANDARD

A stay of federal proceedings in favor of state court proceedings is "the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). A threshold requirement for a stay is whether the "parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 838 (9th Cir. 2023) (citation modified). If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay." *Id.* If two cases are sufficiently parallel, the Court considers several factors to determine whether the limited circumstances warrant "the [stay] of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration. *Colorado River*, 424 U.S. at 818.

## III. DISCUSSION

### A. The Two Cases Are Not Sufficiently Parallel

When a possible outcome of related state court proceedings "is continued federal litigation, we find a substantial doubt that the state court action will provide a complete and prompt resolution of the issues, because the federal court may well have something further to do." *Ernest Bock*, 76 F.4th at 841. Here, both the Utah and Federal case arose from similar alleged misconduct, but they involve different parties and different claims. Defendant is no longer a party to the Utah case and therefore any potential liability it may have relative to Plaintiff cannot be adjudicated in state court. Whether the loan officers are found liable in state court or not, will not resolve whether Defendant is liable to Plaintiff.

Because the outcome of the Utah case will not resolve the federal litigation, the Court finds "substantial doubt" that the Utah case "will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Id.* [citation modified].

Therefore, the Court finds that the state and federal proceedings are not sufficiently parallel to grant a stay. Even assuming the state and federal proceedings are sufficiently parallel, the Court reaches the same result after evaluating the eight factors generally considered when determining the propriety of a stay. The Court now turns to those factors.

**B. The *Colorado River* Factors Do Not Support A Stay**

The eight factors are "(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provide the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court. *Colorado River*, at 818 (citation modified). The Court will consider each of these factors individually.

*1. No Specific Property At Issue*

Both parties agree that there is no specific property in dispute. Thus, the Court finds that this factor is neutral.

*2. The Federal Court Is Not An Inconvenient Forum*

The actions of the loan officers occurred in Arizona. Both parties agree that the federal court is not an inconvenient forum. Therefore, the Court also finds that this factor is neutral.

*3. The Avoidance of Piecemeal Litigation*

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). The Ninth Circuit has found that the mere potential for piecemeal litigation is not enough to warrant

a stay. *See Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 842–43 (9th Cir. 2017). However, the Ninth Circuit has also found that the potential for piecemeal litigation can favor a stay "when concurrent cases would resolve common questions that could result in waste of judicial resources and cause confusion in the continuing disputes between the parties." *Mendocino Railway v. Ainsworth*, 113 F.4th 1181, 1189 (9th Cir. 2024) (citation modified).

While the two cases are globally related, any ruling by the Utah court will not have a preclusive effect on Defendant because there will be no determination concerning any liability owed by Defendant to Plaintiff. The similar factual scenario does not create common issues of law. There can be no waste of judicial resources or confusion between the parties where liability will be separately adjudicated for defendants situated differently. Accordingly, the Court finds that this factor weighs heavily in favor of denying a stay.

*4. The Utah Action Came First*

The Utah case started about a year before the Arizona case was filed. According to Defendant, discovery is well underway in the Utah case with expert depositions and dispositive motions coming up soon. Other than dismissing Defendant from its case, the Utah Court has not issued any substantive decisions on the merits of the underlying claims. The Court finds that this factor weighs in favor of a stay but does not give it significant weight because the Utah court cannot adjudicate any claims relative to Defendant.

*5. Whether Federal Or State Law Will Decide The Merits*

Utah will determine the liability, if any, of the Plaintiff's former loan officers under Utah law. This Court will determine the liability, if any, of Defendant under federal law and Arizona law (unjust enrichment). The similarities between trade secrets law in Utah, Arizona and under federal law do not lean in favor of a stay because the rights of different parties are at issue. Whether the loan officers misappropriated trade secrets does not mean that Defendant here did so. This factor weighs in favor of the denial of a stay.

*6. Utah Cannot Protect Defendant's Rights*

Utah cannot adjudicate Defendant's liability because Defendant already sought and

obtained a dismissal from that case. Plaintiff's claims against Defendant must be litigated in a separate forum. Because the Utah court cannot adequately protect the rights of the federal litigants, this factor weighs in favor of denying any stay.

*7. The Desire To Eliminate Forum Shopping*

Plaintiff filed in Utah against both the loan officers and Defendant. It was only when Defendant was dismissed from that case that Plaintiff had to file a separate case in Arizona which ultimately lead to the case now before this Court. Neither party has been forum shopping so this factor is neutral.

*8. Utah Cannot Resolve All Issues Before The Federal Court*

There is no doubt that the Utah court cannot and will not be able to adjudicate the merits of this dispute between Plaintiff and Defendant. So even if this Court were to wait until Utah completes its case, the federal case will still need to be litigated. The Court finds that this factor weighs heavily in favor of denying a stay.

**IV. CONCLUSION**

Of the eight factors listed above, only one leans in favor of a stay and even that factor is weak. All the other factors lean toward the denial of a stay or are neutral. There are no exceptional circumstances here to support a stay. Therefore,

**IT IS ORDERED denying** Defendant's Motion to Stay Proceedings Pending Adjudication of Parallel Utah State Action (Doc. 26).

Dated this 10th day of September, 2026.

Honorable Susan M. Brnovich
United States District Judge